**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**SIRNARDO JAMES MOFFETT**                                   **PETITIONER**

**VERSUS**                               **CIVIL ACTION NO. 3:12CV207 HTW-LRA**

**E.L. SPARKMAN**                                          **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Sirnardo James Moffett filed a petition for writ of habeas corpus relief on March 23, 2012. Respondent E.L. Sparkman filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. The Court recommends that the motion be granted for the reasons that follow.

Moffett was convicted in the Circuit Court of Hinds County, Mississippi, of the capital murder of Germane Turner. He was sentenced on October 5, 2006, to serve life imprisonment in the custody of the Mississippi Department of Corrections. The Mississippi Court of Appeals affirmed his conviction and sentence on February 24, 2009, in a written opinion, *Moffett v. State*, 3 So.3d 165 (Miss. Ct. App. 2009). Moffett failed to timely file a petition for rehearing within 14 days pursuant to Rule 40(a) of the Mississippi Rules of Appellate Procedure, forfeiting his right to seek further discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 693 n.14 (5th Cir. 2003).

Approximately three years after his conviction and sentence were affirmed on direct appeal, Moffett filed an "Application for Leave to File a Post-Conviction Motion" and a "Motion to Vacate Judgment and Sentence." The application stamped filed,

January 13, 2012, was denied by the Mississippi Supreme Court on March 7, 2012. He filed the instant petition seeking federal habeas corpus relief on March 23, 2012.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA also provides that the statute of limitations will be tolled while a properly filed application for post-conviction relief is pending in state court:

- (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(2). Thus, unless the narrow exceptions of § 2244 (d)(1)(B-D) apply, a federal habeas petition must be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for PCR is pending in state court. *See Cantu-Tzin v. Johnson*, 162

F.3d 295 (5th Cir. 1998), *cert denied*, 525 U.S. 1091 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998). AEDPA's statute of limitations period may be equitably tolled only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Moffett's conviction became final on March 10, 2009, 14 days after the Mississippi Court of Appeals affirmed his conviction and sentence on February 24, 2009. Although he failed to timely seek a petition for rehearing in state court, he is credited with the 14-day time period allowed for seeking a petition for rehearing under Rule 40(a) of the Mississippi Rules of Appellate Procedure. *See Roberts*, 319 F.3d at 693-94. Thus, to toll the statute of limitations, Moffett was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before March 10, 2010. Because he did not file his motion for post-conviction relief until January 2012, AEDPA's one-year statute of limitations ran uninterrupted from March 10, 2009, to March 10, 2010. His federal habeas petition filed on March 23, 2012 (signed on March 18, 2012), more than two years after the statute of limitations expired, is untimely.

Moffett does not dispute that his petition is untimely, but argues that newly discovered evidence and rare and exceptional circumstances warrant tolling of the statute

3

of limitations. As newly discovered evidence, Moffett submits an affidavit from his co-defendant and brother-in-law, Eric Robinson. In the affidavit dated June 21, 2010, Robinson avers that Moffett "was not at the scene of the crime where Germane Turner was killed." He also states that he takes "full responsibility of the said crime which was committed."[1]

Moffett concedes that he has had Robinson's affidavit since June 2010, but asserts that rare and exceptional circumstances prevented him from filing sooner. Specifically, Moffett claims that the Inmate Legal Assistance Program ("ILAP") was inadequate. He explains that:

> . . . ILAP provides no means to discover the factual predicate of a claim. That is, if an inmate does not know how to fashion a claim in a proper legal posture, ILAP provides no direction on how to do so. And, in not providing adequate legal assistance, leaves an inmate at the mercy of inmate writ writers and the drudgery of canvassing esoteric legal theories in the hope that it will be possible to get relief from the courts. Such was the case of this Petitioner. Petitioner concedes as the Respondent asserts, that, Petitioner did come into possession of his co-defendant's affidavit in June 2010. . . . But, due to the inadequacy of the ILAP at the Mississippi State Penitentiary, Petitioner was at odds on what to do with the affidavit of Eric Robinson.[2]

Moffett goes on to argue that because of the "inadequacy of the Inmate Legal Assistance Program at the Mississippi State Penitentiary, he had to wait until an inmate writ-writer came along that was versed enough in law to help file his legal papers."[3] Moffett does not identify a single instance where he requested ILAP assistance in this case, nor does he

---

[1] ECF No. 1-1, p. 2.

[2] ECF No. 8, p. 2.

[3] ECF No. 8, p. 7.

4

cite a single instance where such requests were denied in any manner. He merely makes the conclusory statement that ILAP is inadequate.

Significantly, Moffett does not contend that he was an unaware of AEDPA's statute of limitations, or was otherwise ignorant of the law. Nor does he contend that he is illiterate and cannot read or write. He advises simply that he "did not know how to fashion a claim in a proper legal posture," so he had to wait for a writ-writer who was "versed enough in law to help file his legal papers." Illiteracy, lack of legal training, ignorance of the law, and unfamiliarity with the legal process are all insufficient reasons to equitably toll the statue of limitations. *See, e.g., Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000) (ignorance of law insufficient to toll statute of limitations). To conclude that an inadequate writ-writer entitles Moffett to equitable tolling, would "characterize as 'rare and exceptional' those circumstances that countless other prisoners could claim as their own." *Felder v. Johnson,* 204 F.3d 168,173 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Moffett has also failed to show that he acted with the due diligence required by *Holland*. By his own admission, he filed his petition for habeas relief in March 2012, nearly two years after the statute of limitations expired and he came into possession of Robinson's affidavit. "[E"]quity is not intended for those who sleep on their rights." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

5

Even if he had pursued his rights diligently, Moffett is effectively raising an actual innocence claim. "The one-year limitations period established by § 2244 (d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted." *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002). Nor has such an exception been recognized by the Fifth Circuit as a rare and exceptional circumstance. *See also Felder,* 204 F.3d at 171 (holding that a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance [permitting equitable relief], given that many prisoners maintain they are innocent"); *Prince v. Thaler*, 354 F. App'x. 846, 847 (5th Cir. 2009). Even if there were such an exception, to establish actual innocence, a petitioner must present "new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schulp v. Delo*, 512 U.S. 298, 327 (1995)). Moffett has not made the requisite showing here.

Robinson's assertion that Moffett was not present when the victim was killed was raised by the defense at trial. Counsel for the defense made this argument in both her opening and closing arguments. Robinson was also directly asked on cross-examination by the defense whether Moffett was with him when the victim was killed and he invoked the Fifth Amendment.[4] Although the court of appeals found that Robinson should have

---

[4]ECF Nos. 9-2, p. 89; 9-4, pp. 44-47; 9-3, p. 38.

been compelled to testify because he had waived his right to self-incrimination by pleading guilty, it ultimately concluded that there was sufficient evidence to support the jury's verdict.[5] *Moffett*, 3 So. 3d at 172-73.

Autopsy results indicated that although the victim was beaten prior to his death, he died from a gunshot wound. State witness Roderick Barnes testified that he witnessed Petitioner and Robinson beat and kidnap the victim earlier that night. Barnes testified that he saw Robinson repeatedly hit the victim with a baseball bat, while Moffett hit him with a pistol. Although he did not witness the shooting and gave conflicting testimony as to whether Robinson had confessed to the shooting, "Barnes was adamant that he saw Moffett, not Robinson, with a gun." *Id*. at 171. The Mississippi Court of Appeals describes Barnes's testimony as the most "compelling and convincing evidence of Moffett's guilt." *Id*. at 173. The Court explained that:

> . . . [Barnes] identified Moffett as a participant in a brutal attack on Turner which occurred just hours before Turner's body was found with a bullet hole in the chest. Further, the body was found in Turner's SUV which, according to Barnes, was the vehicle that Moffett and Robinson placed Turner in and drove off after the vicious assault.

*Id.* 173-74. The Court of Appeal explained further that:

> Although Barnes conceded that he did not witness the shooting, we note that he testified that Robinson and Moffett: (1) inflicted a beating upon Turner prior to his death, (2) put Turner in the back of Turner's SUV against his will, and (3) stole speakers and a television from Turner's SUV. It is well-settled that "when two or more persons act in concert, with a common design, in committing a crime of violence upon others, and a homicide committed by one of them is incident to the execution of the common design, both are criminally liable for the homicide." *Price v. State*, 362 So. 2d 204, 205 (Miss. 1978) (citing *McNeer v. State*, 228 Miss. 308, 314, 87 So.2d 568, 570 (1956). **Therefore, even though Barnes did not**

---

[5]ECF Nos. 9-2, pp.88-92; 9-3, p. 38; 9-4, pp. 34-49.

**identify Moffett as the shooter, that is of no consequence, as the jury obviously concluded that Robinson and Moffett acted in concert in committing a crime of violence which resulted in Turner's death**.

*Id*. at 175. (emphasis added). Robinson, in his affidavit, does not address whether Moffett engaged in the initial assault, but avers only that Petitioner was not at the scene when the victim was killed, which was an inference raised by the defense at trial. This evidence is not new, nor does it show, more likely than not, that no reasonable juror would have convicted Moffett.

None of AEDPA's other statutory exceptions are alleged, nor are they applicable. Moffett also fails to establish that a state-created impediment prevented him from timely filing his habeas petition in violation of the Constitution or federal law. 28 U.S.C.§ 2244 (d)(1)(B); *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). Despite his claims that ILAP was inadequate, he was not denied access to AEDPA or knowledge of its one-year statute of limitations.[6] And while Moffett did not come into possession of Robinson's affidavit until June 2010, his actual innocence claim and the factual predicates thereof were known prior to the expiration of the one-year deadline. 28 U.S.C. § 2244(d)(1)(D).

In sum, Moffett has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations. *See Holland*, 130 S.Ct.

---

[6]*See Neal v. Bradley*, 2006 WL 2796404 (N.D. Miss. September, 25 2006) (citing the affidavit of the Director of the Inmate Legal Assistance Program provided by Gia McLeod, which avers that all inmates are given upon request, a post-conviction packet with information regarding the federal statute of limitations as it relates to state post-conviction and federal habeas deadlines.)

at 2562. In the absence of any evidence warranting statutory or equitable tolling, Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, served upon the other parties, and submitted to the assigned District Judge. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

9

This the 15th day of January 2013.

                                                   /s/ Linda R. Anderson
                                        UNITED STATES MAGISTRATE JUDGE